# WAINWRIGHT v. PARKER.

PATENTS; INTERFERENCE; CONSTRUCTIVE REDUCTION TO PRACTICE; FORMER ADJUDICATION.

A party to an interference is not entitled to the date of an earlier application as a constructive reduction to practice, although such earlier application, as originally filed, disclosed the invention of the issue, where it was amended on objection by the Primary Examiner and without appeal so as to eliminate all claims for such invention, and then allowed, and went to patent four years before the second application was filed. (Distinguishing *Cain* v. *Park*, 14 App. D. C. 43, and following *Re Spitteler*, 31 App. D. C. 271.)

No. 543. Patent Appeals. Submitted November 19, 1908. Decided February 2, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are stated in the opinion.

*Mr. D. Walter Brown* for the appellant.

*Mr. Joseph Leicester Atkins* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is au appeal from a decision of the Commissioner of Patents in an interference proceeding, affirming the decision of the Board of Examiners-in-Chief, which, in turn, had affirmed the decision of the Examiner of Interferences, awarding judgment of priority of invention to appellee John W. Parker, on the following issue:

"The combination, with a curb of concrete construction, of an

angle-plate and a central endwise-disposed web, said web being provided throughout its extent with a series of spacious circumscribed apertures that are respectively penetrated by and filled with the concrete material of the curb."

Appellee filed his application on April 15, 1905, and a patent was issued thereon on October 6, 1906. Having taken no testimony, he is restricted to his filing date.

Appellant Henry H. Wainright filed his application on January 21, 1907. The only evidence submitted on his behalf is a certified copy of an application filed by him on March 8, 1900. It appears that this application, as originally presented, disclosed four different species, among which was a device similar to that involved in this interference. Claims sufficient in scope to cover all of these species were originally included, but, after repeated objections by the Primary Examiner, the application was limited, without appeal, to one of the species, and the drawings, specification, and claims were so amended as to eliminate all reference to the device involved in this interference. In this condition the application was allowed and went to patent on May 5, 1903.

It is contended by counsel for appellant that the present application of appellant and the one upon which his patent was issued constitute a continuous transaction, and therefore he is entitled to the benefit of the latter application as a constructive reduction to practice. Appellant delayed nearly four years after the issuance of his patent before filing the application here in interference. His original app'ication having eventuated into a patent, there was nothing left pending before the Patent Office upon which it could act, or to which the later application could attach. In this respect the case at bar differs from the case of *Smith* v. *Goodyear Dental Vulcanite Co.* 93 U. S. 487, 23 L. ed. 952, upon which the appellant relies. There the first application was filed in 1855, and, after three rejections by the Patent Office, no action was again taken until 1864. While the court held, delay being excused because of the ill health and pecuniary condition of the applicant, that the later application was a continuation of the first, it must be remem-

bered that the original application was before the Office during the entire period between the last Office rejection and the filing of the subsequent application, which, having substantially the same specification and the same drawings, operated as a renewal of, and could relate back and attach to, the former. That the court took this view of the case is shown by the following: "No act of Cummings amounted to a withdrawal of his first petition, or to an acquiescence in its rejection. It is true, he filed a second petition in 1864; but he accompanied it with substantially the specification that remained in the Office, and with the same drawings. It was a mode of procuring another consideration of his rejected claim; and the Commissioner regarded it as such. * * * We are not aware that filing a second petition for a patent, after the first has been rejected, has ever been regarded as severing the second application from the first, and depriving the applicant of any advantage he would have enjoyed had the patent been granted without a renewal of the application." The application here under consideration cannot be considered as a renewal of the former. A patent had been granted upon appellant's original application, and for four years there had been nothing pending before the Patent Office; there was no "specification that remained in the office."

The case of *Cain* v. *Park*, 14 App. D. C. 43, also relied upon by appellant, is not in point. There the applicant had failed to pay the final Office fee on his application, and a new application had been filed within the statutory period of two years. The court simply held that the two applications were continuous, and that the former was a constructive reduction to practice.

This application must therefore be regarded, not as a renewal, but as in the nature of a divisional application, and should be governed by the ruling in *Re Spitteler*, 31 App. D. C. 271, where the court said: "But, having amended that application so as to conform to the ruling of the Examiner, it was merged in the patent issued thereon. After that there was no application pending in the Office as a foundation for division. The

proceeding having been closed by the issue of the patent, there was nothing to be continued. The rule which permits a divisional application to relate back to the filing date of the original, which also discloses its subject-matter, as long as it remains open in the Patent Office, is a very liberal one that sometimes works hardship upon intermediate inventors, and it ought not to be extended to cases not clearly within it."

It must be held that appellant is not entitled to the date of his original application for reduction to practice; and the application here in interference must stand or fall upon its own merits. Appellant therefore being the junior party, and having failed to overcome the burden of proof thus placed upon him, judgment of priority must be awarded to appellee.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings, as required by law.

*Affirmed.*